IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 19-cr-1631-JB |
| ) | |
| v. ) | |
| ) | |
| KAMAL BHULA, a.k.a. "Rocky," ) | |
| JOHNATHAN CRAFT, a.k.a. "Jonathan ) | |
| Craft," a.k.a. "YN," a.k.a. "Wayan," ) | |
| WILLIE HORTON, ) | |
| and ) | |
| OMRAM, LLC. ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION TO DESIGNATE CASE AS COMPLEX**

The United States, by and through its Assistant United States Attorney, Letitia Carroll Simms, with concurrence from the represented defendants, hereby respectfully moves this Court for an order designating the above-captioned matter as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). As grounds, the parties state as follows:

1. The above-captioned case is complex for the following reasons:

    a. On June 12, 2019, a federal grand jury charged Defendants with four counts of sex trafficking, a violation of the travel act, maintaining a drug involved premises, conspiracy to commit money laundering, and other related crimes. Defendants are alleged to have participated in the ongoing use of the Best Choice Inn to facilitate and profit from sex trafficking and narcotic sales, while conspiring to launder the monetary proceeds therefrom. The United States is in the process of preparing discovery materials for the defense teams in this case in accordance with Fed. R. Crim. P. 16. Defendants are currently in custody.

b. On June 18, 2019, several law enforcement agencies served a search warrant on the Best Choice Inn. During the service of that search warrant, law enforcement recovered narcotics, firearms, US currency, and additional business records. Several electronic devices were also seized, and are pending the approval and service of search warrants. This evidence is not yet fully processed, and the United States anticipates voluminous discovery forthcoming once this processing is done.

c. Additionally, initial discovery includes numerous reports, bank records, and phone dumps. The nature of the reports in this case are not only relevant to the indicted crimes occurring at the Best Choice Inn during the last two years, but also encompass general police activity occurring at the Inn that addressed unindicted conduct.

d. The parties anticipate a lengthy discovery process which is necessary to adequately prosecute and defend such charges. Defendants are facing a minimum fifteen years on the first four counts, however the statutory maximum punishment is life in prison.

2. Given the complexity inherent in sex trafficking and money laundering cases, it would only be prudent and fair for the defense to be afforded ample opportunity to carefully examine the voluminous discovery to be disclosed. These tasks cannot be accomplished within the time limits prescribed by 18 U.S.C. 3161, and thus it is necessary for this Court to declare this matter complex.

**ARGUMENT**

The Speedy Trial Act permits a Court to delay a case, beyond the 70-day period, where the Court sets forth reasons for finding that the ends of justice outweigh the interest in a speedy trial. Among the facts the Court may consider in connection with an exclusion of time is whether "[a] case is so unusual or so complex" that it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" the Speedy Trial Act time limits. 18 U.S.C. § 3161(h)(7)(B)(ii).

A Court may grant a motion to declare a case complex based upon the complexity of the discovery and the investigation required to adequately review and evaluate the evidence. Based upon the facts of this case, it is not reasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act and therefore, it is necessary for the Court to designate the case complex.

Additionally, given the complex nature of issues inherent in sex trafficking, conspiracy, and money laundering cases, it would be unreasonable to expect the parties to prepare adequately for pretrial matters or for trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The case involves three co-defendants, and the parties expect there will be significant litigation regarding discovery, 404(b) evidence, co-conspirator statements, expert testimony, and other legal issues as they relate to these charges.

Furthermore, sex trafficking charges come with their own niche areas of litigation, atypical of many other types of crimes.

In this case, the voluminous and technical discovery, the span of time covered by the indictment and facts of the case, constitute an "unusual…nature of prosecution." 18 U.S.C. § 3161(h)(7)(B)(ii).  It is not unreasonable to designate the case complex in order to allow the United States and defense to thoroughly prepare for trial.

WHEREFORE, for the foregoing reasons, the parties respectfully request this Court designate the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  The parties further request that the Court conduct a status conference and thereafter issue an order that establishes non-standard discovery, conference, and motions deadlines tailored to the unique exigencies of this case.  The United States has conferred with attorneys for the Defendants Bhula, Craft, and Horton, who concur with the requested relief.  There is currently no legal representative entered on behalf of OMRAM LLC.  OMRAM is a single party LLC in which Kamal Bhula is the only member.

      Respectfully submitted:

      JOHN C. ANDERSON
      United States Attorney

      */s/ Filed Electronically*
      LETITIA CARROLL SIMMS
      Assistant U.S. Attorney
      P.O. Box 607
      Albuquerque, New Mexico 87103
      (505) 346-7274

I HEREBY CERTIFY that on July 16, 2019, I filed the
foregoing electronically through the CM/ECF system, which

caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Filed Electronically*
Letitia Carroll Simms, Assistant U.S. Attorney

5