IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 19-1631 JB |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| KAMAH BHULA, a.k.a. "Rocky," ) | |
| JOHNATHAN CRAFT, a.k.a. ) | |
| "Jonathan Craft," a.k.a., "YN," ) | |
| a.k.a. "Wayan," ) | |
| EDDIE HILL, ) | |
| WILLIE HORTON, ) | |
| OMRAM, LLC, and ) | |
| PRAGNESHKUMAR PATEL, ) | |
| a.k.a. "Pete." ) | |
| ) | |
| Defendants. ) | |

**STIPULATED ORDER GRANTING PROTECTIVE ORDER**

**THIS MATTER** having come before the Court on the United States' Motion For Protective Order filed February 3, 2020, and the Court having reviewed the motions and grounds set forth therein, **FINDS** that the motion should be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** Defendant Hill will join in the previously filed protective order, Document 93, filed January 14, 2020. The protections and conditions ordered in that pleading will now apply to Mr. Hill.

**FURTHERMORE, IT IS HEREBY ORDERED** that any disclosure of any forthcoming material and information in this regard shall be subject to the following restrictions:

  a. The government will provide, without redaction, the Personal Identifying Information (PII) of individuals to the extent that the PII is present in

discoverable materials relating in discs labeled "Discovery Subject to Protective Order;"

b. Restricting the use of the disclosed material to preparation and litigation of this case, use as substantive evidence in court, impeachment of witnesses, refreshing a witness's recollection or testing a witness's credibility;

c. The defendant will be allowed to view, but not retain the disclosed material containing PII during the course of the litigation (although the defendant is entitled to review the materials with his counsel or members of the defense team), unless the PII is redacted;

b. Barring the defendant from disseminating the disclosed material or its contents to anyone other than his own defense attorney, his own defense expert witnesses, his own support staff, the defendant or his own investigators in connection with his case.  The material subject to this Protective Order shall not be shown to other inmates;

c. The defendant shall not disseminate the disclosed material to his co-defendant unless and until a protective order is granted in relation to his co-defendant; and

d. If the defendant wishes to file the unredacted disclosed material in a court pleading, the defendant is responsible for either redacting the PII, including full names of victims or potential witness, or filing such pleading under seal. For purposes of clarity, potential victims or witness includes anyone identified in the disclosed material who is not employed by law enforcement or charged in the case.

- 3 -

   e.  The material may be disclosed to any newly entered or substituted attorney for the defendant, who shall be subject to the same restrictions as the defendant's former attorney.

**WHEREFORE**, the United States' Motion for Protective Order is granted.

                KEA W. RIGGS
                United States District Judge

SUBMITTED BY:

LETITIA CARROLL SIMMS
Assistant United States Attorney


APPROVED BY:

NICOLE MOSS
Attorney for Kamal Bhula

MARSHALL J. RAY
Attorney for Jonathan Craft

ROBERT GORENCE
JASON BOWLES
Attorneys for Pragneshkumar Patel

WAYNE BAKER
Attorney for Eddie Hill

THOMAS M. CLARK
Attorney for Willie Horton