# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

  vs.                                              Case No. 1:19-CR-01631 KWR

KAMAL BHULA, JOHNATHAN CRAFT,
WILLIE HORTON, OMRAM, LLC[1], EDDIE HILL,
PRAGNESHKUMAR PATEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Craft's, Bhula's, and Hill's motions to sever trial (**Docs. 135, 136 and 138**). Having reviewed the pleadings, the Court finds that Defendants' motions to sever are not well-taken and, therefore, are **DENIED.**

## BACKGROUND

On November 5, 2019 a grand jury returned a ten count Superseding Indictment against five individual defendants and one entity defendant, including conspiracy and various sex trafficking counts. **Doc. 68.** Defendants Bhula, Craft and Hill are charged together in nine of ten counts. Count 1 charges Defendants with conspiracy to commit sex trafficking. Counts 2 through 5 charge substantive sex trafficking counts and aiding and abetting in violation of 18 U.S.C. § 2. Count 6 charges Defendants with violating the Travel Act, and also asserts aiding and abetting in violation of 18 U.S.C. § 2. Count 7 alleges the defendants conspired to maintain a drug involved premise, while Counts 8 and 9 allege substantive drug premise counts and aiding and abetting.

---

[1] The Government indicated its intent to dismiss charges against the entity defendant, leaving five individual defendants this case. **Doc. 162.**

Count 10 alleges the defendants conspired to commit money laundering. All ten counts are alleged against Defendants Bhula and Craft. Defendant Hill is charged with nine counts and is not charged in Count 4.

Three of the five individual Defendants (Bhula, Craft, and Hill) filed motions to sever. **Docs. 135, 136 and 138.** Defendant Hill filed a reply, and at the status conference on November 10, 2020 the parties asserted the motions were fully briefed. At the status conference the parties appeared to request the Court rule on the motions to sever without a hearing, then set an evidentiary hearing on the motion to present co-conspirator statements[2] and *Daubert* motion. Following the status conference, the Court ordered supplemental briefing on the status of the entity defendant, which was necessary to rule on the severance motions. The Government responded on November 24, 2020 and the severance motions are now ready for decision.

## DISCUSSION

Defendants Hill, Craft, and Bhula seek separate, individual trials. Each argues they would not receive fair trials if tried together with the other individual defendants, due to the alleged weak evidence against them and potential spillover effect from evidence presented against other defendants. For the reasons stated by the Government, the Court will decline to hold separate trials.

The joinder of offenses in a criminal trial is governed by Rules 8(a) and 14 of the Federal Rules of Criminal Procedure. Rule 8(a) allows for the joinder of offenses when:

- the offenses "are of the same or similar character,"

- or are based on the same act or transaction,

- or are connected with or constitute parts of a common scheme or plan."

---

[2] Defendants did not argue in their motions to sever that statements made by other defendants are inadmissible against them and a basis to sever trial.

2

Fed.R.Crim.P. Rule 8(a); *U.S. v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992). Defendants do not argue that they were improperly joined under Rule 8(a). However, joinder is also subject to scrutiny under Rule 14, which provides: "[i]f the joinder of … defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a) (emphasis added).

The decision whether to grant or deny severance is within the discretion of the trial court. *See United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994). The defendant bears a heavy burden of showing real prejudice in their case sufficient to warrant severance. *Id.* at 1518. Prejudicial joinder occurs under Rule 14 of the Federal Rules of Criminal Procedure only "if an individual's right to a fair trial is either threatened or actually deprived." *U.S. v. Sturmoski*, 971 at 460. Defendants here have the burden of showing "real prejudice" from joinder of the counts. *See U.S. v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993). To establish real prejudice, the defendant must show that the prejudice they will suffer outweighs the expense and inconvenience of separate trials. *Id.* The court should consider other remedial measures that will minimize the risk of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

**A.     Defendants will not be prejudiced by spill-over effect from evidence presented against other defendants.**

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

None of the Defendants identified a specific trial right that would be violated in a joint trial. Rather, Defendants Craft, Hill, and Bhula each appears to generally argue that their right to a fair trial would be violated because there is little evidence against them and the "spill-over" effect from evidence presented against other defendants will prejudice them.

"The requisite showing of prejudice arising from a joint trial is not made by a complaint that one defendant is less culpable than another, or by an allegation that a defendant would have a better chance of acquittal in a separate trial, or by a complaint of the 'spill-over' effect of damaging evidence presented against a codefendant." *United States v. Iiland*, 254 F.3d 1264, 1270 (10th Cir. 2001) (citations omitted), *quoted in United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014); *see also United States v. Hack,* 782 F.2d 862, 870–71 (10th Cir.1986) ("Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance.") (citations omitted), *quoted in United States v. Thompson*, 518 F.3d 832, 863 (10th Cir. 2008). "Rather, a defendant must show that he was deprived of his right to a fair trial." *United States v. Zapata,* 546 F.3d 1179, 1191 (10th Cir.2008). Therefore, Defendants' concern about the greater culpability of other defendants or spill-over effect from evidence presented against other defendants does not warrant separate trials.

Moreover, the defendants are charged with conspiracy and aiding and abetting. Generally, "[i]n a conspiracy trial it is preferred that persons charged together be tried together." *United States v. Iiland*, 254 F.3d 1264, 1269–70 (10th Cir. 2001); *United States v. Jones*, 530 F.3d 1292, 1302 (10th Cir. 2008) (same); *United States v. Thompson*, 518 F.3d 832, 863 (10th Cir. 2008) (same).

4

Although Defendants Bhula, Hill and Craft each argue there is a lack of evidence that they committed certain elements of the substantive crimes, such as "forcing" the victims into "sex trafficking", the Defendants are charged as coconspirators and aiders and abettors.  This means that under certain circumstances they may be liable for the substantive crimes even if they did not personally "force" the victims into "sex trafficking."  18 U.S.C. § 1594(c) ("Whoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for any term of years or for life, or both."); *See* Tenth Circuit Pattern Instructions (2018 update) 2.06 (aiding and abetting); 2.19 (conspiracy under 18 U.S.C. § 371); 2.21 (conspirator's liability for substantive count).

"Overt acts taken in furtherance of a conspiracy are admissible against all coconspirators as evidence of the conspiracy." *United States v. Ramsey*, 510 F. App'x 731, 734 (10th Cir. 2013), *citing United States v. Scott,* 37 F.3d 1564, 1581 (10th Cir. 1994).  "A defendant who joins an ongoing conspiracy may be held accountable—for purposes of determining the scope of liability for the conspiracy charge itself—with the acts or statements of coconspirators that occurred prior to his entry into the conspiracy, if those acts or statements were in furtherance of the conspiracy." *United States v. Hamilton,* 587 F.3d 1199, 1207 (10th Cir.2009), *quoted in United States v. Ramsey*, 510 F. App'x 731, 735 (10th Cir. 2013).  It appears generally that evidence of acts taken by other defendants in furtherance of the conspiracy would be admissible in a conspiracy trial against Defendants Craft, Hill, and Bhula.  Defendants have not pointed to any specific evidence that would be inadmissible against them if presented at trial against other defendants. *See, e.g., Ramsey*, 510 F. App'x at 734 ("[defendant] has not shown the evidence would be inadmissible to prove the conspiracy charge against him if he had been tried alone.").

Defendants argue that they did not personally force the victims into sex trafficking. The Government argues it need not show that each defendant forced the victims into sex trafficking. The plain language of 18 U.S.C. § 1591 supports the Government's position:

> Whoever knowingly--
> (**1**) in or affecting interstate or foreign commerce…**recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or**
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> **knowing, or…in reckless disregard of the fact, that means of force, threats of force, fraud, coercion** described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act… shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) (emphasis added). There is no requirement that each individual defendant "force" a victim to engage in a commercial sex act. There is also no requirement that the Government prove the commercial sex act occurred. "[T]he crime is complete when the defendant recruits, entices, harbors, etc., the victim with knowledge that the prohibited means will be used in the future to cause them to engage in commercial sex acts." *United States v. Maynes*, 880 F.3d 110, 114 (4th Cir. 2018).

Defendants Hill, Craft and Bhula argue that their involvement crimes was *de minimis* and there is little to no evidence pointing to their involvement in the ten counts. The Government disputes Defendants' characterization of the evidence and asserts that evidence produced at trial would show that Defendants Hill, Craft, and Bhula were coconspirators or aided and abetted other defendants as follows. The Defendants allegedly charged fees based on the number of customers each victim saw and locked the victims out of their rooms and withheld their possessions if they didn't pay the fees. Defendant Hill's job was to watch for commercial sex customers and levy fees. **Doc. 140 at 4.** The Government argues his direct participation in assessing and collecting

6

fees for sex acts based upon an agreed fee schedule makes him a co-conspirator and aider and abettor. Defendant Bhula charged fees based on how many criminal transactions were done in each room. Defendant Bhula was trained by Defendant Patel. Finally, the Government asserts it has evidence that Defendant Craft was involved in collecting cash fees and engaging in bookkeeping activities. He allegedly also managed where the victims were maintained and housed. He transported women to dates and levied fees directly tied to prostitution. He arranged "dates" for them, and determined which rooms they could stay in. He allegedly also provided them with narcotics.

Defendants have not shown that the facts of this case are so intricate that a jury would be unable to segregate the evidence associated with each defendant's actions. *United States v. Zapata,* 546 F.3d 1179, 1191-92 (10th Cir.2008).

Therefore, the Court concludes that Defendants will not be so prejudiced by "spill-over" evidence to warrant separate trials.

### B.  Any slight prejudice is outweighed by other interests.

Moreover, other interests weigh strongly toward trying the defendants together. The Supreme Court has expressed a "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Joint trials of defendants who are charged together are preferred because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Hall,* 473 F.3d 1295, 1301 (10th Cir. 2007) (quotation omitted).

The Government's case in chief will take multiple weeks. There are potentially two out of state witnesses and multiple local law enforcement witnesses. There will be testimony from at least three victims in this matter. Holding three to five separate trials each lasting over two weeks

would be unduly burdensome on the victims and witnesses and be against judicial economy. Moreover, the Government represents that holding multiple trials would require presentation of the same evidence given that Defendants are charged as aiders, abettors, and coconspirators. **Doc. 140 at 2.** Weighing the possible prejudice resulting from a spillover effect with judicial economy and the interests of justice, the Court declines to hold separate trials. *Zafiro,* 506 U.S. at 537, 113 S.Ct. 933.

### C. Appropriate limiting instructions will alleviate any prejudice.

Moreover, the alleged prejudice caused by a spill-over effect from damaging evidence presented against other defendants can be alleviated by appropriate limiting instructions. *United States v. Zapata*, 546 F.3d 1179, 1191–92 (10th Cir. 2008); *Zafiro v. United States*, 506 U.S. at 539 (limiting instruction sufficed to mitigate prejudice even in a "complex case" where defendants had "markedly different degrees of culpability"); *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009); *United States v. Hutchinson*, 573 F.3d 1011, 1030-31 (10th Cir. 2009) (listing cases). "Rule 14 ... leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States,* 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The Court believes that limiting instructions can be crafted to cure any potential prejudice here. *United States v. Zapata,* 546 F.3d 1179, 1191–92 (10th Cir. 2008); *United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009) ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice." (quoting *United States v. Hardwell,* 80 F.3d 1471, 1487 (10th Cir.1996)) (internal quotation marks omitted)). For example, the Court can instruct the jury that the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes with which he was charged. It can also instruct the jury that it must give

separate consideration to each individual defendant and to each separate charge against them.³ *See also* Tenth Circuit Pattern Instruction 1.21, 1.22 (2018 update) *and United States v. Zapata*, 546 F.3d 1179, 1191–92 (10th Cir. 2008) (quoting pattern instruction 1.22 and concluding it was sufficient to cure prejudice in multi-defendant conspiracy trial); *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995) (instructing jury that "it is your duty to give separate and individual consideration to the evidence as it relates to each individual defendant [and] leav[e] out of consideration entirely any evidence admitted solely against some other defendant or defendants."). The Court will entertain proposed instructions from the parties to cure or minimize prejudice.

To the extent defendants argue that the jury would not follow these instructions, "[a] central assumption of [Tenth Circuit] jurisprudence is that juries follow the instructions they receive." *United States v. Castillo,* 140 F.3d 874, 884 (10th Cir.1998); *United States v. Lane*, 883 F.2d 1484 (10th Cir. 1989) ("As a general rule, we presume that juries follow [limiting] instructions."); *United States v. Jones*, 530 F.3d 1292 (10th Cir. 2008) (establishing that mere allegations that evidence against one defendant would have a "spillover effect" against another defendant does not demonstrate prejudice (internal quotations omitted)); *Zafiro v. United States,* 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (juries presumed to follow instructions).

---

³ The Tenth Circuit noted that the following instruction (along with others) cured prejudice in a joint trial:
> [e]ach defendant is entitled to have his or her case decided solely on the evidence which applies to him or her.... You must give separate and individual consideration to each charge against each defendant. The fact that you find one defendant guilty or not guilty of the crimes charged in the Indictment should not control your verdict as to whether you find the other defendant guilty or not guilty of the crimes charged in the Indictment. You must consider the evidence presented and determine whether the government has proved, beyond a reasonable doubt, its case against each of the defendants.

*United States v. Thompson*, 518 F.3d 832, 863 (10th Cir. 2008)

**IT IS THEREFORE ORDERED** that Defendants Craft's, Bhula's, Hill's, motions to sever **(Docs. 135, 136 and 138)** are **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE