IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  1:19-cr-01631-DHU

KAMAL BHULA, a.k.a. "Rocky,"
JOHNATHAN CRAFT, a.k.a.
"Jonathan Craft," a.k.a. "YN,"
a.k.a. "Wayan,"
WILLIE HORTON,
OMRAM, LLC, EDDIE HILL
and PRAGNESHKUMAR PATEL,
a.k.a. "Pete,"

      Defendants.

### DEFENDANT KAMAL BHULA'S RESPONSE TO GOVERNMENT'S OPPOSED MOTION TO EXCLUDE EXPERT TESTIMONY OF WITNESS BETH MOHR

Defendant Kamal Bhula, by and through his undersigned counsel, and pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kuhmo Tire V. Carmichael*, 526 U.S. 137 (1998); and Federal Rules of Evidence 702 and 703, files this response to the government's motion to exclude expert testimony of Beth Mohr (Doc. 317) and in support would show as follows:

The Government filed its motion to exclude, seeking either the exclusion of both Janet McHard and Beth Mohr from testifying in this matter, or in the alternative, for a *Daubert* hearing. (Doc. 317, p. 5). Since Ms. McHard and Ms. Mohr are two separate and distinct people, with their own education, training, experience and expertise, who are being proffered as experts in different areas, undersigned counsel shall file separate responses in support of their different

1

expert testimony. The instant response is in response to the government's objection to expert witness Beth Mohr's testimony.

### I.     Beth Mohr, CFE, CFCS, CAMS, CCI, MPA, PI

Mr. Bhula has provided notice of his intent to call Ms. Mohr as an expert in the areas of police practices and interviews, false confessions and vice investigations (including prostitution and human trafficking). (Doc. 313, p. 2). To support his proffer, Mr. Bhula provided the Court and the government with Ms. Mohr's Curriculum Vitae and a list of her Sworn Testimony. (Doc 313, Exhibit B). The government admits in its motion that "they likely have some expertise in certain areas" but disputes that they have any expertise in the areas of sex trafficking and narcotics investigations. (Doc. 317, p. 3). This appears to be in reference to Ms. Mohr's qualifications, as Ms. McHard is not being proffered as an expert in the areas of sex trafficking and narcotics investigations. Contrary to the government's objections, Ms. Mohr has extensive experience in the areas in which she is being proffered as an expert in the instant matter.

Specifically, Ms. Mohr is a former certified police officer who spent years working both as a patrol officer and in the Vice unit, investigating prostitution and human trafficking with the San Diego Police Department. She also worked in the Sex Crimes unit, where she investigated and assisted in prosecuting a serial rapist who preyed upon prostitutes. Thus, Ms. Mohr has experience not only investigating crimes in which prostitutes are the target, but also, working with sex workers who are victims. As a police officer, she testified numerous times in the areas of prostitution, human trafficking and sex crimes. Many of these cases also involved allegations of drug trafficking. After leaving the San Diego Police Department, Ms. Mohr worked as a criminal investigator for the Whatcom County Public Defender in Bellingham, Washington.

While working there, Ms. Mohr investigated allegations of prostitution and human trafficking along the US-Canadian border.

Ms. Mohr is also a certified law enforcement trainer and is qualified to train officers anywhere in the United States in areas including but not limited to: the investigation of human trafficking, the sex trade, prostitution, interview and interrogation techniques, false confessions, false statements, statements made under coercion, cognitive bias in police investigations and other topics in police practices.  She has completed training through the Department of Justice's "Blue Campaign" including courses on recognizing signs of human trafficking, investigating and prosecuting human trafficking cases, global perspectives in human trafficking and strategies for preventing it. She also completed a course conducted by the New Mexico Attorney General's Office on identifying factors associated with human trafficking and prostitution in the hotel and casino industry.

In addition to her extensive experience as a certified law enforcement officer, certified law enforcement trainer, and criminal investigator for the Whatcom County Public Defender's Office, Ms. Mohr also served as an investigator for the City of Albuquerque's Independent Review Office of the Police Oversight Commission, and as a performance improvement officer for the City.  From 2015 to 2017, she served as Chair of the City of Albuquerque's Police Oversight Board and oversaw the review of investigations of alleged police misconduct, use of force incidents, consulted on changes to police training, wrote and consulted on use of force standards, Standard Operating Procedures, and other law enforcement policies. Ms. Mohr has worked for the McHard Firm since 2010 and has conducted numerous investigations and has provided expert consulting in cases, including:  allegations of running a brothel, an investigation regarding a Chinese massage parlor that was also engaged in human trafficking, a homicide case

involving allegations of drug trafficking and prostitution, and numerous cases involving allegations of money laundering and drug trafficking. In total, Ms. Mohr has over thirty (30) years of experience investigating criminal cases, police misconduct, and police practices, including interviews and interrogations. She has testified numerous times as an expert, for both the prosecution and the defense, in both State and Federal courts, in New Mexico, Arizona, California, Washington and Ohio. She has never been disqualified from testifying or had her testimony limited in any areas involving police practices.

Pursuant to Federal Rule of Evidence 702, an expert may testify "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." District courts perform a gatekeeping role to prevent unreliable expert testimony from reaching the jury. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Whether the expert is appropriately qualified, whether her testimony is relevant, and whether her testimony is reliable are all distinct inquiries under Rule 702.

Contrary to the government's opposed motion, Ms. Mohr's training and experience over the past thirty (30) years makes her highly qualified to testify in the areas of police practices, interviews and interrogations, false confessions and statements, vice investigations (including prostitution and human trafficking) and her expert opinions and observations regarding the investigation that was conducted in this matter. Ms. Mohr is also qualified, and may testify, regarding the reports, testimony, evaluations and analyses testified to by the government's witnesses and experts during the trial in the instant matter.

WHEREFORE, for the reasons set forth above, the government's Opposed Motion to Exclude Expert Testimony of Witnesses McHard and Mohr and Request for Daubert Hearing

should be denied in regards to Ms. Mohr and she should be permitted to testify as an expert in the areas outlined above and set forth in Mr. Bhula's Notice of Expert Testimony. (Doc. 313).

          Respectfully submitted,

          */s/ Nicole Moss*
          Nicole W. Moss
          Kari T. Morrissey
          Law Office of Nicole W. Moss
          514 Marble Ave. NW
          Albuquerque, NM 87102
          (505) 244-0950
          Attorneys for Kamal Bhula

I hereby certify that a true and correct copy of the foregoing pleading was electronically delivered to all parties via CM/ECF, this 1st day of September, 2022.

*/s/ Nicole W. Moss*
Nicole W. Moss