## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                              No. 1:19-cr-01631-DHU

KAMAL BHULA, *also known as*
Rocky, JOHNATHAN CRAFT*, also
known as Jonathan Craft*, *also known as*
YN, *also known as* WAYAN, WILLIE
HORTON, OMRAM, LLC, EDDIE
HILL and PRAGNESHKUMAR PATEL,
*also known as* PETE,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Johnathan Craft's Motion for a Bill of Particulars (Doc. 269), which codefendant Kamal Bhula joined (Doc. 297). The Government responded in opposition (Doc. 271), to which Defendant replied (Doc. 285). The Court held a hearing on the motion on December 15, 2022. After considering the motion, briefs, arguments, and relevant law, the Court GRANTS in part and DENIES in part the motion as described herein.

### A.
### BACKGROUND

In November 2019, a federal grand jury returned a ten-count superseding indictment that charged Defendants with conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) (Count 1); four substantive counts of sex trafficking by force, fraud, or coercion (Counts 2-4) and benefiting financially from a sex trafficking venture (Count 5) in violation of 18 U.S.C. § 1591(a); using a facility engaged in interstate commerce – the Best Choice Inn – to carry out unlawful

activity (Count 6) in violation of the Travel Act, 18 U.S.C. § 1952(a); maintaining and conspiring to maintain a drug-involved premises (Counts 7-8) in violation of 21 U.S.C. §§ 846, 856; maintaining a drug-involved premises within 1,000 feet of a school in violation of 21 U.S.C. § 856 (Count 9); and, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). *See* Superseding Indictment, Doc. 68, at 2-10.

On April 14, 2022, Defendants moved for a bill of particulars containing at least 46 requests for clarification of the Superseding Indictment. According to Defendants, the Government has disclosed "400 gigabytes of data, over 18,500 documents, 35 hours of audio recordings, 17 hours of video recordings, 18 excel spreadsheets with cell phone and other records … several boxes of hotel business records, and approximately 1400 people involved in the government's investigation…." Doc. 269, at 3. Without a bill of particulars, Defendants state that it will be "impossible to synthesize all of the unrelated and irrelevant discovery from the relevant discovery." *Id*.

On April 28, 2022, the Government responded that the Superseding Indictment tracks the statutory offenses in detail to sufficiently notify Defendants of the charges against them and that the Government has already provided substantial information via voluminous discovery and prior motion practice. For instance, the Government states that the parties have engaged in "significant pretrial litigation," including detention hearings, a *James* hearing,[1] and litigation of Fed. R. Evid. 412 and trial severance motion. Doc. 271 at 12. In each pleading and hearing, states the Government, it has "aired [its] theory" of Defendants' liability. *Id*. The Government therefore

---

[1] "A *James* hearing is an evidentiary hearing to establish the existence of a predicate conspiracy for purposes of Rule 801(d)(2)(E). It is named for the case where it originated, *United States v. James*, 590 F.2d 575 (5th Cir. 1979)." *United States v. Otuonye*, 995 F.3d 1191, 1204 n.14 (10th Cir. 2021).

argues that the combination of sufficiently specific allegations, abundant discovery, and prior motion practice has adequately informed Defendants of the nature of the charges against them so that they can prepare their defenses, avoid prejudicial surprise at trial and plead double jeopardy as a bar to further prosecution.

On May 13, 2022, Defendants replied. They argue that the sheer volume of discovery makes a bill of particulars even more necessary since it inhibits their preparation of trial. In addition, Defendants state that they are entitled to know, through a bill of particulars, the identities of the Jane Does in indictment. *See* Doc. 285, 5.

## B.
## LEGAL STANDARD

Under Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it meets certain "minimal constitutional standards," *United States v. Edwards*, 782 F.3d 554, 562 (10th Cir. 2015), namely, it must "set[ ] forth the elements of the offense charged, put[ ] the defendant on fair notice of the charges against which he must defend, and enable[ ] the defendant to assert a double jeopardy defense." *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir. 2007). "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quoting *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988)); *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) ("The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity.")

If an indictment does not comply with Rule 7(c)(1), then Fed. R. Crim. P. 7(f) provides that "[a] court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill

of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant." Charles Alan Wright & Andrew D. Leipold, <u>Federal Practice & Procedure: Criminal</u> § 130 (4th ed. 2008). A defendant can move for such a bill "before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).[2] The purpose of a bill of particulars is "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." *Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968).

A defendant is "not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case," and therefore "the district court [does] not abuse its discretion in denying defendant's motion for a bill of particulars where defendant has been served with a sufficient indictment." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992); *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) ("if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial" then a bill of particulars is "not necessary.") A bill of particulars may not be used as a discovery device. *Dunn,* 841 F.2d at 1029; *see also United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980) (a bill of particulars may not be used as a "request for evidentiary detail.") Another consideration in deciding whether particulars should be granted is whether other sources, such as

---

[2] Defendants did not move for a bill of particulars before or within 14 days after arraignment. Mr. Craft's attorney explains that he was appointed counsel about two years after Mr. Craft was arraignment and that "only through review of the discovery, more investigation, and client consultation" did the need for a bill of particulars become evident. Doc. 269, at 4. The Government does not object to the motion on timing grounds, so the Court will adjudicate the motion even though it is arguably filed late.

discovery, are already available to a defendant before trial. *See United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992) (district court did not abuse its discretion in denying bill of particulars where defendant received full discovery and showed no prejudice). Grant or denial of a bill of particulars is within the trial court's discretion. *United States v. Hedges*, 458 F.2d 188, 191 (10th Cir. 1972).

## C.
## ANALYSIS

Defendants' motion requests at least 46 discrete particulars detailing the allegations described in Counts 1 through 10. The Court will analyze the counts in the following order: the Conspiracy Counts (Counts 1, 7, 10); the Sex Trafficking Counts (Counts 2-5); the Travel Act Count (Count 6); and the Maintenance of a Drug Premises Counts (8-9).

### Conspiracy Counts (Counts 1, 7, 10)

Count 1 charges Defendants with conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1591(a) and 1594(c). Under § 1591(a), whoever knowingly "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or benefits, financially or by receiving anything of value, from participation in a venture which has engaged in" any of these acts shall be punished. 18 U.S.C. § 1591(a).

The relevant language of Count 1 is as follow:

> Beginning … no later than on or about September 2017, and continuing to on or about June 18, 2019, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, KAMAL BHULA, JOHNATHAN CRAFT, EDDIE HILL, WILLIE HORTON, and PRAGNESHKUMAR "PETE" PATEL … did knowingly … conspire … with each other and with other persons whose names are known and unknown to the Grand Jury to recruit, entice, harbor, transport, provide, obtain, and maintain women by any means, and to benefit, financially and by receiving anything of value, from participating in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintain women by any means, known … that means of force, threats of force, fraud, and

coercion would be used to cause Jane Does 1, 2, and 3 to engage in commercial sex acts ….

Superseding Indictment, Doc. 68, at 2 (bold font omitted).

Defendants claims that the Superseding Indictment is vague and ask for the following eight requests concerning Count 1:

(a) When did Mr. Craft join the alleged conspiracy to commit sex trafficking?

(b) When did he actually participate in the conspiracy?

(c) With whom did Mr. Craft conspire under this count?

(d) Who was the person for Mr. Craft's alleged conspiracy under this count that was purportedly 'recruited, enticed, harbored, transported, provided, obtained, or maintained? Who were the victims of Mr. Craft's conduct?

(e) What sort of value did Mr. Craft obtain from the conspiracy?

(f) How did Mr. Craft know that women were being maintain by means of force, threats of force, fraud, or coercion? Do all subsections apply?

(g) What conduct constituted Mr. Craft's participation in the conspiracy?

(h) What are the true identities of Jane Does 1, 2, and 3?

Doc. 269, at 10-11.

Defendants make similar – if not identical – requests for details concerning the other conspiracy counts of the Superseding Indictment, Count 7 (conspiracy to maintain a drug premises) and Count 10 (conspiracy to commit money laundering).

The Court denies Defendants' requests (a), (b), (c), (e), (f) and (g) of Count 1 because those are requests for details of the conspiracy that Defendants are not entitled to obtain through a bill of particulars. "'[T]he general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars.'" *United States v. Sanford Ltd.,*

841 F. Supp. 2d 309, 317 (D.D.C. 2012) (quoting *United States v. Diaz,* 303 F. Supp. 2d 84, 89 (D. Conn. 2004)). The rationale for this rule is that it is not the prosecution's burden at trial to establish a precise chronology as to when each defendant joined a conspiracy or how the defendant's acts furthered that conspiracy. *See United States v. Bin Laden*, 92 F. Supp. 2d 225, 243 (S.D.N.Y. 2000). Courts therefore generally deny motions seeking particulars about the "whens," "wheres" and "with whoms" regarding a conspiracy. *United States v. Ray*, No. 20-CR-110 (LJL), 2021 WL 3168250, at *6 (S.D.N.Y. July 27, 2021) ("A criminal defendant is not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding [a] conspiracy.") (citation internal quotation marks omitted); *United States v. Galloway*, No. 1:17-CR-01235-WJ, 2018 WL 2994409, at *3 (D.N.M. June 14, 2018) (denying motion for a bill of particulars because "[t]he Government is not required to prove exactly 'when or how a conspiracy was formed or when a particular defendant joined the scheme....'") (quoting *Bin Laden*, 92 F. Supp. 2d at 242). Moreover, this applies when the indictment labels coconspirators as "known and unknown." *Ray*, 2021 WL 3168250, at *6 ("the law has long been clear that the Government is not required to specify those 'known and unknown' by a bill of particulars.") Defendants' requests (a), (b), (c), (e), (f) and (g) are "whens," "wheres" and "with whoms" regarding a conspiracy that Defendants may not obtain through a bill of particulars. This ruling applies equally to Defendants' requests for details of the conspiracies alleged in Counts 7 and 10. Therefore, Defendants' requests (a), (b), (c), (d) of Count 7 are denied. The Court also denies Defendants' requests (a), (b), (c), (d), (e), (f) of Count 10.

The Court will, however, require the Government to provide a bill of particulars to Defendants concerning Defendants' requests (d) and (h) which seek information of the identities of persons, including victims, identified in the Superseding Indictment. The Government argues

that Defendants essentially know the victims' identities by now. Even if that is true, the Court believes that fundamental fairness dictates that a bill of particulars identifying the victims of offenses that the Government intends to prove at trial is warranted.

In summary, Defendants' requests (d) and (h) concerning Count 1 are granted; the balance of Defendants' requests are denied. The Government will provide the bill to Defendants within seven days of entry of this Order.

### Counts 2 – 5 (Substantive Counts of Sex Trafficking)

Counts 2-4 charge Defendants with substantive counts of sex trafficking Jane Does 1, 2, and 3 by force, threats, coercion. The Counts differ only in the victim and timeframe. Each count states that Defendants "did knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, [Jane Doe 1, 2, or 3], knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause [Jane Doe 1, 2, or 3] to engage in a commercial sex act." Superseding Indictment at 3, Doc. 68. Count 5 charges Defendants with a subpart of § 1591(a) for benefiting financially for sex trafficking.

Defendants pose the following requests for particulars for Counts 2 – 5 – which vary from details of the commission of the crime, what financial benefits accrued to Mr. Craft, questions of aiding and abetting liability, and the identity of the victims:

(a) When did Mr. Craft actually engage in this conduct?

(b) Is it alleged that Mr. Craft actually committed sex trafficking?

(c) How did Mr. Craft aid and abet others in committing sex trafficking?

(d) If Mr. Craft was only aiding and abetting others, who was the principal actor?

(e)  Who was the person for Mr. Craft's alleged trafficked or aided or abetted to be

trafficked, recruited, enticed, harbored, transported, provided, obtained, or

maintained? Which did Mr. Craft do or help do?

(f)  Who is Jane Doe 1?

(g)  How did Mr. Craft engage in or help others engage in …. maintaining women by

means of force, threats of force, fraud, or coercion? Do all subsections apply?

Concerning Count 5, Defendants repeat their requests for victims' identities in requests (d)

and (e) and also pose an additional question(s) about the financial details of Mr. Craft's alleged

crime:

(g)  What is the government's theory regarding Mr. Craft financially benefiting from sex

trafficking? Does the government suggest that Mr. Craft received money? That his salary

was inconsistent? That his wages were not hourly based, but rather based upon a nexus to

sex trafficking?

Defs'. Mot., Doc. 269 at 11-12.

The Court grants Defendants' requests (e) and (f) of Counts 2-4 and requests (d) and (e) of

Count 5 because these are requests for victims' identities that the Defendants are entitled to know,

as explained *supra*.[3]

Concerning Defendants' requests for information about aiding and abetting liability

described in (c) and (d), the Court grants Defendants' request (c) for Counts 2-4. Although aiding

and abetting is not an independent crime under 18 U.S.C. § 2, *see United States v. Cook,* 745 F.2d

1311, 1315 (10th Cir. 1984), the problem is that Counts 2-4 only mention 18 U.S.C. § 2 without

---

[3] The Government is only obligated to respond to the portion of these requests concerning the
victims' identities. In other words, the Government is not required to respond to the part of
Defendants' question about "Which did Mr. Craft do or help do?"

setting forth any aiding and abetting allegations. *Cf. Edwards*, 782 F.3d at 563 (upholding indictment which stated that two defendants "did aid and abet one another to unlawfully, knowingly and intentionally possess with the intent to distribute" marijuana and methamphetamine). The Government therefore will issue a bill of particulars setting forth sufficient aiding and abetting allegations under these counts.

Concerning Defendants' request (d), which is also based on aiding and abetting liability, the Government has no obligation to respond to this request. "[A]n aider and abettor may be charged and convicted as a principal." *Id.* (citation omitted). "As such, the fact that an indictment charges two defendants with aiding and abetting one another to commit a crime does not limit the government to a conviction based solely on a theory of aiding and abetting." *Id*. The Government is not obligated to answer whether Mr. Craft was "only" an aider and abettor and the identity of the principal given that the Defendants can be charged as aiders and abettors and, in the alternative, principals.

The remainder of Defendants' requests are also denied. "An indictment is sufficient if it sets forth the elements of the offense charged," which is the case here. *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011). Counts 2-4 track the language of the underlying statutory offense on which they are based. *Compare* Counts 2-4 of the Superseding Indictment, Doc. 68, *with* 18 U.S.C. § 1591(a)(1) ("[w]hoever knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … in reckless disregard of the fact, that means of force, threats of force, fraud, coercion … or any combination of such means will be used to cause the person to engage in a commercial sex act," shall be punished). Similarly, Count 5 charges Defendants with a subpart of § 1591(a) for "benefiting financially" for sex trafficking and tracks the statutory language of 18 U.S.C. § 1591(a)(2), (b)(1).

Finally, the Government plausibly states that it has laid out its theory of the case in discovery, motion practice, and hearings. Defendants have therefore been apprised of the Government's theory through other available sources.

In summary, the Court grants Defendants' requests (c), (e), and (f) of Counts 2-4 and request (d) and (e) of Count 5; the remainder of Defendants' requests are denied. The Government will issue the bill of particulars within seven days of entry of this Order.

### Count 6: Travel Act Violation

Count 6 charges Defendants with a violation of the Travel Act, which prescribes criminal penalties to anyone who "travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to … otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity." 18 U.S.C. § 1952 (a)(3)(A). The statute lists a number of predicate crimes that qualify as "unlawful activity," including "any business enterprise involving … narcotics or controlled substances … or prostitution offenses in violation of the laws of the State in which they are committed or of the United States." *Id*. § 1952(b). A Travel Act violation requires proof that the defendant: "(1) traveled or used facilities in interstate commerce; (2) with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of a prohibited activity; and (3) thereafter attempted to or did in fact engage in one of the proscribed activities." *United States v. Johnson*, 961 F.2d 1488, 1491 (10th Cir. 1992).

Defendants make the following seven requests concerning Count 6:

(a) When did Mr. Craft actually engage in this conduct?

(b) Who did Mr. Craft cause to travel? Who did Mr. Craft aid in this conduct?

(c) Who purportedly travelled?

(d)  Is it alleged that Mr. Craft knowingly engaged in racketeering?

(e)  What was the underlying conduct alleged as racketeering?

(f)  How did Mr. Craft aid and abet others in racketeering?

(g)  If Mr. Craft was only aiding and abetting others, who was the principal actor?

Defs.' Mot., Doc. 260 at 12.

For the same reasons explained in the analysis concerning the allegations in Counts 2-4, the Court will grant Defendants' request (f) of Count 6 because the count mentions 18 U.S.C. § 2 (the aiding and abetting statute) but does not actually set forth set forth aiding and abetting allegations. The Court will thus order that the Government issue a bill of particulars setting forth sufficient aiding and abetting allegations under this count.

The Court will deny Defendants' request (b) and (c) even though there seems to be some uncertainty on the part of Defendants regarding the Government's theory of Count 6. A violation of the Travel Act can be based on traveling in interstate commerce or using the mail or using a facility in interstate commerce with the intent to promote unlawful activity. *See* 18 U.S.C. § 1952 (a)(3)(A). Defendants' requests indicate they may not be entirely clear about the Government's theories since the requests are based on details regarding traveling in interstate commerce. However, the Court finds the Superseding Indictment makes clear the Government's theory is that Defendants knowingly used a facility or facilities in interstate commerce with intent to carry on unlawful activity, not that Defendants *traveled* in interstate commerce with the intent to promote unlawful activity.  The Court will therefore deny Defendants' request (b) and (c).

The rest of Defendants' requests concerning Count 6 are also denied. As for requests (d) and (e), the Superseding Indictment already provides Defendants notice of the answers they seek. The Superseding Indictment defines the "unlawful activity" at issue by specifically referring to

two statutes defining "unlawful activity." *Compare* § 1952 (a)(3)(A) ("[w]hoever … uses … any facility in interstate commerce … to … carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity."), *with* Superseding Indictment, Doc. 68 at 4-5 (Defendants "knowingly used … one or more facilities … to … carry on … an unlawful activity, that is a business enterprise involving narcotics and controlled substances in violation of 21 U.S.C. 846 §§ 856(a) and 860(a) and prostitution offenses in violation of the laws of the state of New Mexico, N.M. Stat Ann. §§ 30-9-2, 30-9-3-, 30-9-4, and 30-9-4.1"). The Superseding Indictment therefore complies with the Travel Act's requirement of allegations of "a prohibited activity," *Johnson*, 961 F.2d at 1491, since it specifically refers to state prostitution laws and federal drug laws.

The Tenth Circuit's decision in *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980) also demonstrates that the Superseding Indictment sufficiently puts Defendants on notice of the charges. In *Barbieri*, the Tenth Circuit upheld denial of a bill of particulars motion which sought information about, among other things, "[t]he specific event, facts, conduct, or circumstances" of a Travel Act violation and "the exact nature of the facts or acts . . . which establish[ed] that defendant allegedly conspired to and did travel in interstate commerce . . . , and the names and addresses of the witnesses to said facts or acts" because the indictment listed the identity of the conspirators, it detailed overt acts, and it specified the interstate facilities used. Like the indictment in *Barbieri*, the Superseding Indictment specifies that the Best Choice Inn was the interstate facility in question, contains an overt acts section, and it identifies the codefendants by name. Because the Superseding Indictment sufficiently informs Defendants of the nature of the allegations against them, the remainder of Defendants' requests are denied.

13

In summary, within seven days of entry of this Order, the Government will provide a bill of particulars answering request (f) of Count 6. The remainder of Defendants' requests concerning Count 6 are denied.

### Counts 8-9 Maintenance of a Drug Premises

Count 8 charges Defendants with a violation of 21 U.S.C. § 856(a)(1), which prohibits "knowingly ... maintain[ing] any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." To obtain a § 856(a)(1) conviction, the government must prove "that the defendant (1) knowingly (2) opened or maintained a place (3) for the purpose of manufacturing by repackaging, distributing, or using any controlled substance." *United States v. Verners*, 53 F.3d 291, 295 (10th Cir. 1995).

Count 9 is based on the Drug Free School Zones Act, which increases penalties for an § 856(a)(1) violation occurring with 1,000 feet of certain places like schools or playgrounds. The Act provides that "[a]ny person who violates section 856 ... by distributing, possessing with intent to distribute ... a controlled substance ... within one thousand feet of, the real property comprising a public or private elementary," shall be subjected to enhanced penalties. 21 U.S.C. § 860(a). In order to prove a 21 U.S.C. § 860(a) violation, "the government must prove beyond a reasonable doubt that the defendant knowingly and intelligently possessed a controlled substance with the intent to distribute and possessed those drugs within 1,000 feet of a school." *United States v. Stephens*, 23 F.3d 553, 555 (D.C. Cir. 1994).

Defendants seek the following seven request for particulars about Counts 8 and 9:

(a)  When did Mr. Craft actually engage in this conduct?

(b)  How is it alleged that Mr. Craft maintained a property?

(c)  How did Mr. Craft aid and abet others, in an illegal manner, in maintaining a property?

(d) If Mr. Craft was only aiding and abetting others, who was the principal actor?

(e) Who is alleged to have sold drugs at the property?

(f) When was the property knowingly used to sell drugs? By whom?

(g) Who bought the drug[s] alleged to have been sold at the property?

Defs.' Mot. at 13, Doc. 269.

For the same reasons explained in the analysis concerning the allegations in previous counts, the Court will grant Defendants' request (c) of Count 8 because the count mentions 18 U.S.C. § 2 (the aiding and abetting statute) but does not actually set forth set forth aiding and abetting allegations. The Court will thus order that the Government issue a bill of particulars setting forth sufficient aiding and abetting allegations under this count.

The remainder of Defendants' requests for particulars for Counts 8-9 are denied. The Superseding Indictment tracks the elements of the statutory offenses by stating that on or about September 2017 through June 18, 2019, Defendants "knowingly … opened, leased, rented, used, and maintained," the Best Choice Inn, and "managed and controlled" the premises by "renting, leasing, profiting from, and making it available for the purpose of" storing, distributing, and using methamphetamine and heroin within 1,000 feet of PB&J, a public elementary, and within 1,000 feet of All Seasons Day School, a private elementary. Doc. 68 at 6.  These allegations are sufficient to inform Defendants of the charges against them so they can prepare for trial. Moreover, the Government has plausibly stated that it has detailed its theory of the case and counts in discovery, motion practice, and hearings and therefore Defendants are on notice of the Government's theories concerning Counts 8-9.

## CONCLUSION

For the reasons explained herein, it is therefore **ORDERED** that Johnathan Craft's Motion for a Bill of Particulars (Doc. 269), joined by Kamal Bhula joined (Doc. 297) is **GRANTED** in part and **DENIED** in part. Within **SEVEN DAYS** of entry of this Order, the Government will provide a bill of particulars to Defendants answering the following requests:

- Requests (d) and (h) of Count 1;

- Requests (c), (e) and (f) of Counts 2-4;

- Requests (d) and (e) of Count 5;

- Request (f) of Count 6, and

- Request (c) of Count 8.

The remainder of Defendants' requests are denied because the Superseding Indictment is reasonably precise and because other sources such as discovery and pretrial litigation have apprised the Defendants of the charges against them.

**IT IS SO ORDERED**.

_____

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE