# UNITES STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                 No. 1:19-cr-01631-DHU

KAMAL BHULA, *also known as*
Rocky, JOHNATHAN CRAFT, *also
known as Jonathan Craft*, *also known as*
YN, *also known as* WAYAN, WILLIE
HORTON, OMRAM, LLC, EDDIE
HILL and PRAGNESHKUMAR PATEL,
*also known as* PETE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Opposed Motion in Limine, in which Defendants move under Fed. R. Evid. 412 for unrestricted cross-examination into the alleged victims' prior prostitution histories.[1] *See* Doc. 135. The Court, having carefully considered the motion, arguments of the parties, and relevant law, concludes that Defendants' request to introduce evidence of the alleged victims' prior prostitution activities is denied.

---

[1] Defendant Eddie Hill originally filed the motion, but subsequently entered a guilty plea and is no longer a defendant in this case. *See* Doc. 369. The motion is nevertheless live because Defendants Bhula and Craft filed a notice of joinder to the motion. *See* Doc. 137. Unless otherwise noted, "Defendants" refers to Kamal Bhula, Johnathan Craft, and Pragneshkumar Patel. The Court also notes that although Defendants' motion in limine initially raised a number of issues, the only issue pending from that motion is the admissibility of evidence concerning the alleged victims' prior prostitution.

**DISCUSSION**

Defendants request a pre-trial ruling that would allow them to elicit testimony that Jane Does 1, 2, and 3 had voluntarily engaged in prostitution prior to the charging period in the indictment. Defendants argue that exclusion of this evidence would violate their rights under the Confrontation Clause "to be confronted with the witnesses against [them]." U.S. CONST. amend. VI. The Government responds in opposition that the evidence violates Rule 412 and is immaterial and irrelevant.

### a. Rule 412 Legal Standard

"Rule 412 establishes the federal 'rape shield' provision, whereby in proceedings involving alleged sexual misconduct, the admission of evidence concerning the victim's past sexual behavior or sexual predisposition is generally prohibited." *United States v. Powell*, 226 F.3d 1181, 1196-97 (10th Cir. 2000). The purpose of Rule 412 is "to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412 advisory committee's note to 1994 amendment. "The rule pits against each other two exceedingly important values—the need to safeguard the alleged [sexual assault] victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details, and the need to ensure that criminal defendants receive fair trials." *United States v. A.S.*, 939 F.3d 1063, 1071 (10th Cir. 2019) (citation and internal quotation marks omitted) (alteration in original).

Rule 412 has an exception in criminal cases in which evidence of specific instances of a victim's sexual behavior may be admitted "if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;" "if offered by the

defendant to prove consent" with respect to the person accused of the crime; or if the exclusion of the evidence "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b).

**b. Analysis**

In their motion in limine, Defendants move for "unrestricted" cross-examination into Jane Does 1, 2, and 3's prior acts of prostitutions under Federal Rule of Evidence 412(b). Doc. 135 at 6. The Rule 412 exception relied on by Defendants allows for the admission of "evidence whose exclusion would violate the defendant's constitutional rights," Fed. R. Evid. 412(b)(1)(C), namely Defendants' right under the Sixth Amendment to confront the witnesses against them,[2] which is a constitutional right contemplated by the Rule's exception. *See A.S.*, 939 F.3d at 1072 ("[e]vidence adduced by cross-examination concerning prior sexual intercourse may be required to be admitted by Confrontation Clause rights *where relevant and probative* on a central issue of sexual offense charges.") (emphasis in original).

The Defendants have vehemently argued before the Court that the exclusion of such evidence or the restriction of such cross-examination would eviscerate their primary theory of the case – that the Jane Doe victims were not victims of sex trafficking but were instead engaged in consensual prostitution. According to Defendants, the terms "recruit" and "entice" as used in 18 U.S.C. § 1591(a), suggests the alleged victims in this case "were asked to do something they had not done before." Doc. 135 at 7. Defendants argue that cross-examination of the alleged victims concerning their prior prostitution history will shed light on whether they came to the motel willfully or were brought there by another trafficker, whether they previously knew Defendants

---

[2] The Government devoted part of its response brief to arguing that that Rule 412(b)(1)'s other exceptions do not apply. Defendants have not argued those exceptions, so the Court need not address or decide whether the other exceptions are implicated.

and if they initiated contact with Defendants, and whether they used and advertised escort services.[3] *See id*. at 8.

The Government objects to the presentation of any evidence of prior prostitution by the alleged victims, contending that such evidence constitutes "other sexual behavior" or "sexual predisposition" within the meaning of Rule 412(a). Doc. 141 at 6 (citing *United States v. Valenzuela*, 495 F. App'x 817, 819 (9th Cir. 2012) ("We are willing to assume that Federal Rule of Evidence 412 applies to sex trafficking prosecutions.")). It also argues that the evidence is irrelevant because it has no bearing on the statutory elements of the crime and that Defendants "muddy the waters by inferring" a causation requirement that does not exist. *Id*. at 9.

While the Court certainly understands the constitutional concerns that arise when the cross-examination of a government witness in a criminal case is inhibited or restricted, the Court concludes that Defendants' request for cross-examination into the victims' alleged prior prostitution is squarely foreclosed by binding Tenth Circuit precedent. In *United States v. Palms*, 21 F.4th 689, 703 (10th Cir. 2021), the Tenth Circuit rejected the same argument that Defendants make in this case – namely, that evidence of a victim's prior commercial sex work or prostitution should be allowed because it is relevant to countering the allegation that a defendant engaged in sex trafficking of the alleged victim, including allegations of "entic[ing] or recruit[ing]" a victim. *Id*. at 703. As the Court explained, although pursuant to the Confrontation Clause and the Due Process Clause, sexual behavior evidence must be admitted where relevant, it "must also be *probative* of a central issue to be required by the Constitution." *Id*. (emphasis added). The focus

---

[3] In support of their arguments, Defendants cite a Northern District of Illinois opinion, *United States v. Young*, where the district court apparently allowed cross-examination of prostitution acts during the indicted period. Doc. 152 at 6. However, Defendants provided no citation to this case and the Court has been unable to view it.

on the sex trafficking statute is whether "means of force, threats of force, fraud, [and] coercion" were used to "cause [a] person to engage in a commercial sex act." *Id.* (quoting 18 U.S.C. § 1591(a)) (alteration in original). Thus, concluded the Court, "[e]vidence that a sex trafficking victim previously engaged in prostitution is irrelevant to whether that victim was forced or coerced into working as a prostitute at a later date." *Id.*[4]

Under the holding in *Palms*, this Court must conclude that the fact the alleged victims in this case may have engaged in prostitution before the charged crimes does not suggest Defendants did not later coerce them into commercial sex. *See id*. (excluding evidence that the victim had previously engaged in commercial sex acts and knew about certain aspects of the commercial sex business before she met the defendant, including how to post an advertisement for commercial sex because "[e]ven if [the victim] participated in commercial sex work in 2017 and knew how to post ads for commercial sex, that does not tend to prove [the defendant] did not force her to engage in prostitution during the period charged."). As determined by the Tenth Circuit, such evidence is not relevant or probative of the issue raised in this case and would run afoul of Federal Rule of Evidence 412. Defendants therefore may not introduce evidence of prior prostitution by the Jane Doe victims or cross-examine the Jane Doe victims about any alleged work as prostitutes prior to the time of the alleged crimes in this case because, as determined by the Tenth Circuit, such

---

[4] The Court noted that other circuit courts had "consistently come to the same conclusion." *Id*. (citing, *e.g*., *United States v. Rivera*, 799 F.3d 189, 185 (2d Cir. 2015) ("Evidence of victims' prior acts of commercial sex is irrelevant to whether those victims were coerced into working as prostitutes."); *United States v. Roy*, 781 F.3d 416, 420 (8th Cir. 2015) ("The victim's prostitution in prostitution either before or after the time period in the indictment has no relevance to whether Roy beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex."); *United States v. Celphus*, 684 F.3d 703, 708 (7th Cir. 2012) (explaining evidence the victim had been a prostitute before "would not be evidence that she consented to be beaten and to receive no share of the fees paid by the johns she serviced").

evidence is irrelevant to whether the Jane Does were victims of sex trafficking under 18 U.S.C. § 1591.[5]

In their motion, Defendants assert that they should at least be able to "cross-examine the victim witnesses on prostitution during the charged time period to show that they acted independently of the defendants or were being trafficked by someone other than the defendants, or in a location apart from the Best Choice Inn." Doc. 135 at 8. The Court agrees and notes that its ruling does not preclude the defense from presenting evidence or argument that the alleged victims in this case were engaged in consensual prostitution as opposed to being victims of sex trafficking during the time the government alleges the Defendants violated 18 U.S.C. §1591 or conspired to do so.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[5] On January 5, 2023, Defendant Craft filed a supplemental memorandum of law supporting admission of his Rule 412 arguments. Doc. 424. The Court has reviewed and considered the Defendant's memorandum and the two unpublished cases the Defendant attaches, which he contends support his position. Given the Tenth Circuit's decision in *Palms*, neither the supplemental memorandum nor the cases cited therein change the Court's conclusion about the admission of the evidence.