# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                   No. 1:19-cr-01631-DHU

KAMAL BHULA, *also known as*
Rocky, JOHNATHAN CRAFT*, also
known as Jonathan Craft*, *also known as*
YN, *also known as* WAYAN, WILLIE
HORTON, OMRAM, LLC, EDDIE
HILL and PRAGNESHKUMAR PATEL,
*also known as* PETE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on the Government's Motion to Limit Expert Testimony of Witness Mohr (Mot., Doc. 414). Defendant Johnathan Craft responded in opposition (Resp., Doc. 417), to which the Government filed a reply (Reply, Doc. 420). After considering the motion, briefs, and relevant law, the Court concludes that motion will be DENIED, in part, and GRANTED, in part.

## BACKGROUND

      According to the Superseding Indictment (Doc. 68), Defendants allegedly operated a sex and drug trafficking enterprise at a Best Choice Inn in Albuquerque from September 2017 to June 2019 under the pretense of being legitimate owners, managers, and employees. Defendant Kamal Bhula designated Beth Mohr as an expert in "police practices and interviews, false confessions and vice investigations (including prostitution and human trafficking)," and anticipates that she

will offer her "opinions and observations regarding the investigation that was conducted in this matter and the reports, testimony, evaluations and analysis presented by the United States' witness." Def.'s Expert Notice at 2, Doc. 313.

The Court qualified Ms. Mohr to testify as an expert on these matters following an October 2022 hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). *See* Mem. Op. and Order, Doc. 412. At the time of the *Daubert* hearing, Ms. Mohr had not yet submitted an expert report. The Court therefore imposed a December 5, 2022, deadline for Defendants to amend their expert notices. *See* Clerk's Minutes, Doc. 391. Ms. Mohr met this deadline and issued a 19-page expert report on December 4, 2022. *See* Expert Witness Report of Beth A. Mohr ("Mohr Report"), Doc. 403-2.

In response, the Government filed the instant motion to "limit" Ms. Mohr's anticipated testimony based on the opinions she expresses in her report. Mot. at 1. The Government raises four specific objections: (1) Ms. Mohr's opinions would invade the province of the jury, (2) her opinions violate Federal Rule of Evidence 412's prohibition on evidence offered to prove the victim engaged in other sexual behavior or to prove a victim's sexual predisposition, (3) Ms. Mohr will present uninformed and irrelevant opinions regarding the quality of the investigation, and (4) her testimony will impermissibly comment on the credibility of witnesses. The Court will address each of these objections.

## DISCUSSION

### 1.    Invading the Province of the Jury

The Government challenges certain opinions by Ms. Mohr as improperly applying the law to the facts of the case and intruding on the jury's function in deciding the facts. Specifically, it objects to four opinions by Ms. Mohr: that (a) "holding onto guests' belongings until the bill is

paid does not, in and of itself, demonstrate debt bondage, or force, fraud, or coercion, and is not a significant impact to the agency of the individual to choose to stay elsewhere, or even pursue other lines of work"; (b) her opinion that "the Best Choice Inn motel operation was not consistent with human trafficking, nor with the operation of a bordello or brothel"; (c) that "the Best Choice Inn motel operation was not consistent with a debt bondage or slavery scheme," and (d) her opinion that "the Best Choice Inn motel operation was not consistent with human trafficking operations, or a debt bondage scheme." Mohr Report at 5-6, 16.[1]

Federal Rule of Evidence 704 governs the Government's objections. Rule 704(a) "allows an expert witness to testify about an ultimate question of fact. But the rule does not permit an expert to instruct the jury how it should rule, if the expert does not provide any basis for that opinion." *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015). "Expert testimony of this sort has been excluded alternatively on the ground that it usurps the function of the jury in deciding the facts, or because it interferes with the function of the judge in instructing the jury on the law." *Id.* at 1195–96 (citation and internal quotation marks omitted).

The Court denies the Government's motion. "An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Additionally, "[w]itnesses are permitted to testify about how the law applies to a certain set of facts, so long as they provide adequate explanations for their conclusions." *Richter*, 796 F.3d at 1196. In the context of expert testimony on prostitution, the Tenth Circuit has held that testimony about common terms in the prostitute trade, the pimp/prostitute relationship, how pimps recruit and control prostitutes, and similar evidence can assist the jury in understanding and evaluating evidence concerning the crimes

---

[1] Unless otherwise noted, the Court refers to page numbers imprinted by the Court's case management/electronic case files (CM/ECF) system.

charged. *See United States v. Brinson*, 772 F.3d 1314, 1319 (10th Cir. 2014). Therefore, the Tenth Circuit considers the type of topics Ms. Mohr is anticipated to opine on helpful to the jury. Consistent with Tenth Circuit law, her opinions may embrace the ultimate issue in this matter so long as she explains the basis for her opinions. *See Richter*, 796 F.3d at 1196.

The Court concludes that, in her report, Ms. Mohr has adequately explained the basis for the opinions in her report. She explains that she conducted an "independent investigation" that involved reviewing public records and scholarly research, examining case-facts and discovery, and utilizing her prior experience as a patrol officer in a vice and crimes units where she gained experience with prostitution and sex trafficking. Mohr Report at 3; *see also* Mem. Op. and Order, Doc. 412 (describing Ms. Mohr's professional background). Her expert opinions will therefore not "simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005). Ms. Mohr's training and analysis provide the jury the tools to "exercise [its] independent judgment" *Dazey*, 403 F.3d at 1171, to analyze whether holding onto guests' property is coercive or whether Defendants' operation of the Best Choice Inn was consistent with human trafficking, operation of a brothel, debt bondage, or a slavery scheme. *See id.* (upholding expert testimony where the expert had "considerable experience" on the topic of bank fraud schemes and the expert "did not simply tell the jury to reach a particular verdict based on his own say-so.") The Government's motion to limit Ms. Mohr's testimony under Rule 704 is therefore denied.[2]

---

[2] To the extent that the Government claims Ms. Mohr's testimony violates Federal Rule of Evidence 704(b), the Court disagrees. Rule 704(b) merely requires an expert to not opine on the "defendant's actual mental state." *United States v. Goodman*, 633 F.3d 963, 970 (10th Cir. 2011). Ms. Mohr's report does not opine on Defendants' actual mental state. In fact, Mr. Craft assures that Ms. Mohr "will not testify about anyone's state of mind" nor testify about whether Mr. Craft

## II.     Federal Rule of Evidence 412

The Government next raises a Federal Rule of Evidence 412 challenge to at least three opinions in Ms. Mohr's report that she bases on her review of law enforcement officers' interviews with the victims in this case or other people staying at the Best Choice Inn.  First, Ms. Mohr opines that one of the victims "made clear [to the interviewing officer] that she was involved in prostitution before moving to the Best Choice Inn." Mohr Report at 4. Second, Ms. Mohr notes that "most of the women who were asked [by law enforcement officers] stated that they were acting as sex workers long before they came to the Best Choice Inn." *Id*. at 10. Third, Ms. Mohr states that most victims told the officers "that they were involved in sex work prior to coming to stay or live at the motel." *Id*. at 13.  The Government contends that Ms. Mohr should not be allowed to testify at trial regarding these issues.

Defendant Craft invokes Rule 412's exception in criminal cases when the exclusion of the evidence "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Specifically, Defendant argues that he has the right to present a complete defense, which is guaranteed by the Sixth Amendment's confrontation and compulsory process clauses, as well as the Fifth Amendment's guarantee of due process. *See United States v. Oldman*, 979 F.3d 1234, 1252 (10th Cir. 2020).

---

actually engaged in human sex trafficking or whether a person was trafficked. Doc. 417 at 4. Rather, her testimony will discuss the "indicia of sex trafficking" and address the Government's theory that "sex trafficking [occurred] by debt bondage." Doc. 417 at 4. An expert can "properly testify to facts or opinions from which the jury could conclude or infer" a defendant's mental state so long as the "final inference is for the trier of fact alone." *United States v. Archuleta*, 737 F.3d 1287, 1298 (10th Cir. 2013). That is the case here.  According to the Defendant, Ms. Mohr will not comment on Defendants' state of mind or whether Defendants committed crimes, both of which are for the jury to decide.

The Court is mindful of the Defendant's rights under the Constitution as it relates with his ability to defend himself against the charges brought by the Government.  As the Tenth Circuit has recognized, "A criminal defendant's right to present a defense is essential to a fair trial." *United States v. Serrano*, 406 F.3d 1208, 1214–15 (10th Cir. 2005) (citing *United States v. Valenzuela-Bernal,* 458 U.S. 858, 875 (1982) (O'Connor, J., concurring)).   "Together, the Fifth and Sixth Amendments provide defendants with the 'right to present a defense.'" *United States v. Palms*, 21 F.4th 689, 702–03 (10th Cir. 2021).  The right to "present a defense, however, is not unfettered. This right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *United States v. Pablo*, 696 F.3d 1280, 1295 (10th Cir. 2012) (citation and quotation marks omitted).

The Court will grant the Government's motion on this issue as the Court has previously ruled that evidence of the alleged victims' prior acts of prostitution will not be admitted at trial because it is prohibited by Tenth Circuit precedent.  *See* 1/6/23 Memorandum Opinion and Order (Doc. 428).  In *United States v. Palms*, 21 F.4th 689, 703 (10th Cir. 2021), the Tenth Circuit rejected the contention that evidence of a victim's prior commercial sex work or prostitution should be allowed because it is relevant to countering the allegation that a defendant engaged in sex trafficking.  Under the holding in *Palms*, the fact the alleged victims in this case may have engaged in prostitution before the charged crimes does not suggest Defendants did not later coerce them into commercial sex.  *See id*.  In short, pursuant to *Palms*, such evidence is not relevant or probative of the issue raised in this case and would run afoul of Federal Rule of Evidence 412.  *See id*.  Defendants therefore may not introduce evidence of prior prostitution by the Jane Doe victims, either through the cross-examination of the victims or through the opinion testimony of Defendant's expert witnesses, including Ms. Mohr.

As the Court has previously noted, its ruling on this issue does not preclude the defense from presenting evidence or argument that the alleged victims in this case were engaged in consensual prostitution as opposed to being victims of sex trafficking during the time the government alleges the Defendants violated 18 U.S.C. §1591 or conspired to do so.  *See* Doc. 428 at 6.  Thus, the Court's instant ruling only prohibits Ms. Mohr from testifying or providing an expert opinion that references or relies on *prior* acts of prostitution by the alleged victims.

### III.    Opinions Regarding the Investigation

The Government seeks to exclude an opinion by Ms. Mohr that police officer "group-think" harms objectivity in police investigations and that the federal prosecutor in this case did not act as a check on group-thinking.  Specifically, Ms. Mohr opined that:

> [G]roup loyalty can … discourage productive interplay between investigators that involves playing devil's advocate, testing alternate theories of the crime, and challenging the status quo. Top performing investigative teams purposefully reserve an investigator or crime analyst who has not been part of the investigation, to give a fresh look at the evidence and propose alternative theories, as a tactic to discourage … herd mentality ….

> Sometimes the prosecutor serves in that role, playing devil's advocate, questioning police investigations, trying to poke holes in the case from the viewpoint of defense counsel. In this case, however, it appears that the prosecutor was mentioned on the interview tapes as participating in decision-making early on. That tends to preclude the prosecutor from acting in the roll [sic] as the neutral third-party, the person whose job it is to poke holes in everyone's theories of the case.

*Id*.

The Government argues that the opinion about the prosecutor's role is illogical, uninformed, and irrelevant. *See* Doc. 414 at 6. The Government also states that if Ms. Mohr testified about the prosecutor's actions in this case, then the Government would not be able to rebut that testimony because the prosecutor cannot testify. However, the Government cited no favorable caselaw in support of its position.

7

The Court will allow Ms. Mohr's testimony on the topic of the quality of the investigation in this case. As this Court has noted, "the facts surrounding the government's investigation may become relevant . . . when they would affect the reliability of a particular piece of evidence." *United States v. Perrault*, No. CR 17-02558-MV-1, 2019 WL 1375666, at *1 (D.N.M. Mar. 26, 2019) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1992)). "The quality or bias of the government's investigation that produces the evidence that is submitted to the jury may affect the reliability of the evidence, and would therefore be relevant information." *Id.* (citation omitted). "It may bear on the quality of the government's witnesses and, perhaps more importantly, the weight to be given to evidence produced by [the] investigation." *Id.* (citation omitted).  The Court has already qualified Ms. Mohr as an expert in, among other things, police practices and permitted her to testify about "her opinions and observations regarding the investigation that was conducted in this matter." Mem. Op. and Order, Doc. 412 (quotation marks omitted). Consistent with the Court's prior Order qualifying Ms. Mohr as an expert in the field of police practices, along with the standards described in *Perrault*, Ms. Mohr may testify that evidence submitted to the jury may have been affected by the quality or bias of the government's investigation.

## IV.     Opinions Regarding Witnesses' Credibility

Finally, the Government argues that Ms. Mohr's report indicates that she will improperly comment on the credibility of witnesses. *See* Doc. 414 at 6. In the portion of her expert report entitled, "Interaction of sex workers with law enforcement – interviews and interrogation", Ms. Mohr discussed modern policing protocol for prostitution crimes, which typically involves arresting a prostitution worker and placing him or her in rehabilitation services. *See* Mohr Report at 12. Ms. Mohr suggested that in some instances, however, sex workers may have little choice

but to become police informants, as happened in this case with one of the alleged victims. *Id*. Ms. Mohr then stated that,

> [e]ach of the sex workers staying at the Best Choice are in a precarious situation when contacted by law enforcement …. They will say anything to try to keep from being incarcerated, and they are very good at quickly figuring out what the officers want to hear, and tailoring their statements around what is being reinforced, even subtly, by law enforcement.

*Id*. Ms. Mohr also opined later in the "Summary of Opinions" portion of her report that the Best Choice Inn was, in fact, "a legitimate business, even though its clients were sex workers, and other unsavory characters." *Id*. at 16.

The Government states that these opinions conflict with the Tenth Circuit directive that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony," because it "(1) usurps a critical function of the jury; (2) is not helpful to the jury, which can make its own determination of credibility; and (3) when provided by impressively qualified experts on the credibility of other witnesses is prejudicial and unduly influences the jury." *United States v. Hill*, 749 F.3d 1250, 1258 (10th Cir. 2014) (citations and internal quotation marks omitted). Defendant did not address the Government's objection.

The Court will reserve ruling on the Government's motion. The Court has already held that Ms. Mohr has "specialized knowledge" Fed. R. Evid 702(a), on the topics of "police practices and interviews, false confessions and vice investigations (including prostitution and human trafficking)" and that her testimony will assist the jury. Mem. Op. and Order, Doc 412 at 13. Furthermore, the Court does not necessarily agree with the Government's insistence that Ms. Mohr will provide an expert opinion on the credibility of any of the witnesses in this case.   Her report, read in context, discusses how sex workers' interactions with law enforcement officers can be affected by fear of being incarcerated.   This type of opinion is different than the opinion found

improper in *Hill*, where the Government's expert witness testified that, in his opinion and based on his experience and knowledge, the defendant in that case was not being truthful during his interrogation by law enforcement officers.  *See Hill* 749 F.3d at 1256-61.  Here, there is no clear indication that Ms. Mohr is expected to opine at trial that the alleged victims are not credible, but if she attempts to do so the Government may restate its objection at that time.

**CONCLUSION**

For the reasons stated herein, it is therefore **ORDERED** that the Government's Motion to Limit Expert Testimony of Witness Mohr (Doc. 414) is **DENIED**, in part, and **GRANTED**, in part.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE