UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                       No. 1:19-cr-01631-DHU

KAMAL BHULA, *also known as*
Rocky, JOHNATHAN CRAFT*, also
known as Jonathan Craft*, *also known as*
YN, *also known as* WAYAN, WILLIE
HORTON, OMRAM, LLC, EDDIE
HILL and PRAGNESHKUMAR PATEL,
*also known as* PETE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Pragneshkumar Patel's Motion to Disqualify AUSA Letitia Simms and Request for Evidentiary Hearing (Doc. 448) ("Motion"), which was joined by Defendant Kamal Bhula (Doc. 449) and Defendant Johnathan Craft (Docs. 450 and 451). The Government responded in opposition (Doc. 452) and submitted exhibits in support of its response (Doc. 454). Defendant Craft replied (Doc. 457), as did Defendant Patel (Doc. 459). The Government also responded to Defendant Craft's notice of joinder (Doc. 460). The Court heard limited argument on the motion at a status conference on January 12, 2023 (Doc. 458). The Court held an evidentiary hearing on the motion on January 25, 2023 (Doc. 469). After considering the motion, briefs, arguments, and relevant law, the Court **DENIES** the motion as described herein.[1]

---

[1] Because the Court already held an evidentiary hearing on this matter, the portion of the Motion that requests such a hearing is denied as moot.

1

**BACKGROUND**

According to the Superseding Indictment (Doc. 68), Defendants allegedly operated a sex and drug trafficking enterprise at a Best Choice Inn in Albuquerque from September 2017 to June 2019 under the pretense of being legitimate owners, managers, and employees. On January 10, 2023, Assistant United States Attorney Letitia Simms sent a letter to counsel for the four remaining codefendants in this matter pursuant to the United States' duties under *Giglio v. United States*, 405 U.S. 150 (1972). *See* Defendant's Exhibit A at 1 ("January 10, 2023 Letter").[2] As relevant here, the United States indicated the purpose of the letter was to notify defense counsel of "the following criminal histories and benefits offered or provided by the Government of individuals the United States may be calling" as witness against Defendants Craft and Patel. *Id.* The letter included information regarding P.M., one of the Jane Does identified in the Superseding Indictment in this matter (Doc. 68). The United States disclosed the following in relation to P.M.:

. . .

5. She was not arrested on her outstanding warrants when contacted at her attorney's office on December 14, 2022.
6. The undersigned contacted the DA's office in Sandoval County and asked how she could resolve her pending warrant
7. The undersigned contacted the DA's office in Bernalillo County and asked how she could resolve her outstanding warrant.

. . . .

Def.'s Exhibit A. At the January 12, 2023 status conference, AUSA Simms provided additional information to the Court about these events. *See* Transcript of January 12, 2023 Hearing ("January 12, 2023 Hr'g. Tr.") (Doc. 446).

---

[2] Unless otherwise stated, the exhibits referenced herein were provided to the Court and admitted into evidence for purposes of the evidentiary hearing on January 25, 2023. The referenced exhibits are on file with the Court.

2

Based on this letter and AUSA Simms' statements in court on January 12, 2023, the defendants argued that Ms. Simms is an "essential and necessary witness under *Brady* and *Giglio* and must be subject to cross examination under the Sixth Amendment Confrontation Clause." Doc. 448 at 4. Defendants initially argued that AUSA Simms "by personally resolving P.M.'s state court warrants, has rendered herself the only witness to the benefit conferred upon P.M. in exchange for her cooperation. There is no other available source of evidence such as a case agent or any other law enforcement officers." Doc. 448 at 5. Additionally, as a result of the advocate-witness rule, which prohibits an attorney from appearing as both a witness and an advocate in the same litigation, Defendants argued that AUSA Simms must recuse herself from prosecuting this matter. *See id.* at 6. Finally, Defendants argued that because AUSA Simms must be a witness in this matter, the entire United States Attorney's Office for New Mexico must be disqualified from prosecuting this matter. *See id.* at 7-8.

After hearing witness testimony at the January 25, 2023 evidentiary hearing, Defendant Patel's counsel appeared to concede that the there was insufficient evidence to require recusal based AUSA Simms' contact with the Bernalillo and Sandoval County District Attorney's office. *See* Transcript of January 25, 2023 Hearing ("January 25, 2023 Hr'g. Tr.") at 73:10-17.[3] However, Defendant Patel maintains that AUSA Simms is a material witness on the limited subject of P.M. not being arrested on her outstanding warrants when contacted at her attorney's office on December 14, 2022. *Id.* at 73:17-20.

The United States opposes Defendants' Motion. The United States argues that the defendants have not shown that AUSA Simms is a necessary witness, *see* Doc. 452 at 9, and that

---

[3] This Memorandum Opinion and Order cites to the court reporter's unofficial transcript. All page citations are subject to change on the official, edited version of the transcript.

there is "no basis in law to recuse the entire United States Attorney's Office." *Id.* at 12. On the first point, the United States argues that (1) AUSA Simms did not personally resolve P.M.'s warrants, (2) even assuming the Government's contacts with state prosecutors conferred a benefit to P.M., Defendants can inquire about this on cross-examination of P.M., (3) Defendants can call other witnesses and/or use other sources of information, such as email communications, to elicit information about P.M.'s warrants; and (4) Defendants can call DEA Special Agent Colin Stradling, who was present at the December 14, 2022 meeting when P.M. was not arrested. *See* Doc. 452 at 9-10. In sum, the United States argues that Defendants have failed to show that AUSA Simms' testimony is necessary. *See id.* at 11.

## LEGAL STANDARD

The Sixth Amendment guarantees a criminal defendant "compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. A " 'defendant's right to due process and compulsory process includes the right to present witnesses in his or her own defense.' " *United States v. Powell*, 226 F.3d 1181, 1199 (10th Cir. 2000) (quoting *Richmond v. Embry*, 122 F.3d 866, 871 (10th Cir.1997)). Additionally, the Sixth Amendment's confrontation clause guarantees criminal defendants "the right to effective cross-examination when attempting to show bias." *United States v. Young*, 952 F.2d 1252, 1258 (10th Cir. 1991).

The term "bias" is used to describe the relationship between a party, which may be the prosecution, and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor or against a party." § 45:5. Impeaching a witness for bias, 2 Federal Trial Handbook: Criminal § 45:5 (2022-2023 Edition). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony*." United States v. Abel*, 469 U.S. 45, 52 (1984). In addition to showing bias through cross-examination of the

witness, extrinsic evidence of bias is also admissible. *See id.*, 469 U.S. 45 (common law allowed extrinsic evidence of bias and was not entirely displaced by the Federal Rules of Evidence). Nonetheless, restrictions on a defendant's ability to present witnesses are permissible. *See Powell*, 226 F.3d at 1199. Similarly, "the trial court retains discretion to reasonably limit the scope of cross-examination." *United States v. Young*, 952 F.2d 1252, 1258 (10th Cir. 1991) (citing *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

"[A]n accused's right to call relevant witnesses and to present a complete defense may not be abrogated for the sake of trial convenience or for the purpose of protecting a United States Attorney from possible embarrassment while testifying, if he possesses information vital to the defense." *Gajewski v. United States*, 321 F.2d 261, 268-69 (8th Cir. 1963). However, "[i]t is well settled that the district court may decline to allow the defendant to call a prosecutor as a witness 'if it does not appear the prosecutor possesses information vital to the defense.' " *United States v. Wooten*, 377 F.3d 1134,1142-43 (10th Cir. 2004) (quoting *United States v. Troutman*, 814 F.2d 1428, 1439 (10th Cir. 1987). A prosecutor does not possess information that is "vital" to the defense if the defendant can obtain the evidence from another source. *See Wooten* 377 F.3d at 1143; *Troutman* 814 F.2d at 1440. Additionally, "a defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness." *United States v. Prantil*, 764 F.2d 548, 551 (9th Cir. 1985).

## ANALYSIS

The primary issue before the Court is whether Defendants have shown that AUSA Simms possesses information that is vital to the defense. The Court finds that Defendants have not met this burden because there are other adequate substitutes for AUSA Simms' testimony.

First, on the issue of AUSA Simms' communications with the district attorney's offices in Bernalillo and Sandoval Counties about P.M.'s then-outstanding warrants, the Court finds these communications were merely informational and not intended to confer a benefit to P.M. Therefore, AUSA Simms is not a necessary witness, and her testimony would not be vital to the defense.[4]

Second, on the subject of P.M. not being arrested at the meeting on December 14, 2022, the Court finds that Defendants can elicit evidence of this through the testimony of witnesses other than AUSA Simms. P.M. herself can testify that she was not arrested at the December 14, 2022 meeting. Next, Drug Enforcement Administration Special Agent Colin Stradling can testify on this subject. Defendants will be permitted elicit testimony from Special Agent Stradling that he did not arrest P.M. on her outstanding warrants at the December 14, 2022 meeting and the reasons for that.[5] Lastly, P.M.'s attorney, Ryan Villa, was present and available to testify at the evidentiary

---

[4] Even if these communications were evidence of a benefit to P.M., and thus of her potential bias, witnesses other than AUSA Simms could testify regarding the substance of these communications. First and foremost, P.M. could testify regarding her knowledge of AUSA Simms' communications with state prosecutors on the subject of the then-outstanding warrants. The state prosecutors, Jessica Perez, Senior Trial Attorney at the District Attorney's Office in the Thirteenth Judicial District, and Joshua Boone, Chief Deputy District Attorney at the District Attorney's Office in the Second Judicial District, could also testify regarding their communications with AUSA Simms on the subject of P.M.'s warrants. Finally, evidence of the email communications between AUSA Simms and Ms. Perez could be offered. *See* Government's Exhibits 1 and 2 (Doc. 469-1 at 23-28). *See also Wooten*, 377 F.3d at 1143 (finding that memorandum describing events in question could be used in lieu of prosecutor's testimony).

[5] Defense counsel expressed concern that Special Agent Stradling would not be able to testify regarding the fact that he took his "cue" not to arrest P.M. at the meeting from AUSA Simms' statement to P.M. that P.M. would not be arrested at the meeting, *see* January 25, 2023 Hr'g. Tr. at 65:16-24, because that would call for hearsay. *See id.* at 72:3-9. Federal Rule of Evidence 801 defines hearsay as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Hearsay is generally not admissible. *See* Fed. R. Evid. 803. However, "[s]tatements offered for the effect on the listener, however, are generally not hearsay." *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir. 1993) (citations omitted). As a result, Special Agent Stradling may testify about AUSA Simms'

hearing.  *See* January 25, 2023 Hr'g. Tr. at 60:25-61:9.  However, Defendants chose not to call him as a witness for purposes of the instant motion.  *Id.*  While the Court does not believe Mr. Villa's testimony would be needed at trial, because Defendants may call P.M. and Special Agent Stradling on the topic of her not being arrested at the December 14, 2022 meeting, Mr. Villa's testimony could provide yet another adequate substitution for AUSA Simm's testimony, and the Court would consider a request by Defendants to call Mr. Villa as a witness if it was shown that his testimony would be necessary.

In summary, Defendants have several alternative forms of evidence to elicit evidence of P.M.'s potential bias without calling AUSA Simms as a witness.  As a result, the Court finds Defendants have not shown AUSA Simms' testimony would be vital to the defense.  Because the Court will not permit Defendants to call AUSA Simms as a witness in this matter, the Court need not address Defendants' remaining disqualification arguments.

## CONCLUSION

For all of the reasons stated herein, Defendant Pragneshkumar Patel's Motion to Disqualify AUSA Letitia Simms and Request for Evidentiary Hearing (Doc. 448) is **DENIED**.

**IT IS SO ORDERED.**

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

comments for the purpose of showing their effect on the Agent, as he testified at the evidentiary hearing. *See* January 25, 2023 Hr'g. Tr.  65:16-24.