UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          No. 19-1631-DHU

KAMAL BHULA, et al.

        Defendant.

**DEFENDANT KAMAL BHULA'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

      COMES NOW, Defendant Kamal Bhula, by and through counsel of record Nicole W. Moss, and hereby respectfully submits this reply to the United States' Response to Defendant's Sentencing Memorandum (Doc. 663) sentencing memo and states as follows:

**1. Nature and Circumstances of the Offense**

      Mr. Bhula objects to the inflammatory and inaccurate manner in which the government describes the Best Choice Inn and Mr. Bhula's involvement in the criminal activity that occurred in the area. To be clear, Mr. Bhula does not deny that criminal activity occurred both at and around the Best Choice Inn. The neighborhood where the BCI is located (the "War Zone") has been the scene of criminal activity in Albuquerque going back decades. When Mr. Bhula began leasing the motel in March of 2018, he was unfamiliar with the neighborhood and did not understand what he was signing up for. He knew that the neighborhood was rough, but did not fully appreciate the amount of criminal activity that historically occurred around the area.

      There was a learning curve for Mr. Bhula. He had never managed a motel before and certainly had never managed any business in a neighborhood such as the "War Zone". When

Mr. Bhula became aware of the problems plaguing the area, he began to implement various efforts in an attempt to clean the motel property up.  He encouraged his employees to call the police when they saw criminal activity and he also called 911 on numerous occasions.  He was diligent in cleaning up litter and fixing the premises. He installed additional video cameras and rebuilt a wall behind the motel.  He worked with the City of Albuquerque to reduce the problems at the property.  He evicted problem tenants and banned them from the property.  And finally, he began imposing fees on guests to deter the amount of foot traffic at the motel.  In their August 8, 2019 Discovery Disclosure the government produced records they had obtained from the Albuquerque Police Department tracking the number of calls for service that were made to the Best Choice Inn from 2017 through April 4, 2019.  Those records included a spreadsheet that listed all calls for service as well as a summary of the total number of calls during that time span. *See* Exhibit A, Summary of Calls for Service to BCI. Contrary to the government's assertions, Mr. Bhula's efforts were paying off as the number of calls for service steadily declined while Mr. Bhula was managing the property.  The government also states that there were 195 calls for service in 2018, but doesn't provide a citation for that number.  As demonstrated by the government's own discovery, a portion of which is attached to this reply, the number of calls for service in 2018 was 125 and more significantly, the number of calls trended downward throughout Mr. Bhula's time there.

   The government also relies upon the allegation that Mr. Bhula knew about the drug trafficking because of a sham drug deal that undercover agents engaged in on March 5, 2019.  The government asserts that this fake drug deal happened in full view of Mr. Bhula but a review of the government's video shows that this is false.  At the time the agents acted out their drug deal, Mr. Bhula was not in the room, which is clear upon a close review of the undercover

agent's video.  When Mr. Bhula returned to the room, he sat behind a chest-high desk with a plexiglass partition between him and the agents. There were multiple announcements posted on the partition obstructing his view and he was looking at his computer, not the agents.  He did not see what they were doing and his only acknowledgement to them was to agree that there wouldn't be any problems.  A copy of this video is attached as Exhibit B.

The government then argues that Mr. Bhula knew about the drug trafficking because on March 8, 2019 UC2 asked him if a girl could use his room when he was not present.  Allegedly Mr. Bhula agreed so long as he knew who she was and she was listed on UC2's room ledger.  That is not evidence of drug trafficking. That is evidence that a motel is being run.  The government then assumes that Mr. Bhula understood the hidden meaning behind the innuendos used by UC2 when he stated that the girl would have several visitors and would be "taking care of business".  *See* Doc. 663 at p. 5.  There is no evidence that Mr. Bhula understood what the agent was hinting at.  Further, the government's reliance on these two fake incidents, both of which had to be created by undercover agents in order to implicate Mr. Bhula, draw into question the strength of the government's case.  If there really was that much crime occurring at the BCI, an "open-air drug market" as the government so passionately argued in its sentencing memorandum, then why did they need to create these fake incidents in the first place?

Mr. Bhula also objects to the inclusion of cherry-picked Google reviews in the United States's sentencing memo.  The fact that the government had to turn to Google to selectively cite to negative reviews of the Best Choice Inn is further evidence of how weak the evidence is against Mr. Bhula.  Mr. Bhula would note that there were also positive reviews on Google, as well as other websites, none of which the government included in its sentencing memo.  Defense counsel will not waste the Court's resources by including online reviews of the Best Choice Inn

3

in this reply.

**2. Avoiding Disparities in Sentencing**

As of the date of filing this reply, three of Mr. Bhula's co-defendants have been sentenced in this matter. Co-defendant Craft (who pled guilty to 2 offenses) was sentenced to 70 months in the Bureau of Prisons, co-defendant Hill was sentenced to 24 months in the Bureau of Prisons and co-defendant Patel was sentenced to 30 months in the Bureau of Prisons. The government is requesting that Mr. Bhula be sentenced to 168 months in the Bureau of Prisons, which greatly exceeds the sentences of any other defendant in this matter. Should Mr. Bhula be sentenced as requested by the government, or any sentence close to that, it would create a disparate sentence that is completely unjustified by the evidence. Mr. Bhula has no criminal record and did not directly participate in any drug trafficking. His involvement is limited to being the manager of a motel where other people engaged in drug use and trafficking, usually without his knowledge. He took actions to curtail the drug use and trafficking at the BCI, but acknowledges he could have done more. Given all of the circumstances surrounding this case, and in light of the sentences entered against the co-defendants, a sentence of credit time served is sufficient without being greater than necessary, to achieve the goals of a fair and just sentence.

Respectfully submitted,

LAW OFFICES OF Nicole W. Moss, LLC

*/s/ Nicole W. Moss*
Nicole W. Moss
514 Marble Ave. NW
Albuquerque, NM 87102
(505) 244-0950

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st of March, 2024, I filed the foregoing pleading via CM-ECF, causing all registered parties to be served.

*/s/ Nicole W Moss*
Nicole W. Moss